OHIO FURNITURE COMPANY, APPELLANT, *v.* MINDALA, APPELLEE.

[Cite as Ohio Furniture Co. *v.* Mindala (1986), 22 Ohio St. 3d 99.]

(No. 85-415—Decided February 12, 1986.)

*Duda, Elk & Wohl* and *John E. Duda,* for appellant.

*Ugan & Relic* and *Grant D. Relic,* for appellee.

*Per Curiam.* The issues presented in this appeal are: (1) whether Local Rule 11(C) is unconstitutional, and (2) whether the trial court abused its discretion in dismissing the case with prejudice. We hold that Local Rule 11(C) is constitutional, but that the trial court improperly dismissed the case with prejudice.

Local Rule 11(C)[1] sets forth a seven-day limitation period within which responses to motions must be filed. This rule was passed under the authority of Section 5, Article IV of the Ohio Constitution[2] and R.C. 2505.45.[3] Appellant filed its response to appellee's February 1984 motion to dismiss five days late. Appellant claims that the seven-day response limitation is unconstitutionally brief.

Although shorter than other response-limitation periods throughout Ohio,[4] the seven-day period is not significantly shorter. Seven days is certainly a sufficient amount of time within which to respond to motions filed

---

[1] Local Rule 11(C) of the Cuyahoga County Rules of the Court of Common Pleas, General Division, reads in pertinent part:

"Each party opposing the motion shall serve and file within seven (7) days thereafter a brief written statement of reasons in opposition to the motion and a list of citations of the authorities on which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all affidavits, depositions, photographs or documentary evidence which he desires to submit in opposition to the motion."

[2] Section 5 reads, in pertinent part:

"Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. ʳ * *"

[3] R.C. 2505.45 reads, in pertinent part:

"The supreme court may make and publish rules with respect to the procedure in the supreme court not inconsistent with the laws of the state.

"The several judges of the courts of common pleas and the courts of appeals shall make rules, not inconsistent with the laws of the state, for regulating the practice and conducting the business of their respective courts, which they shall submit to the supreme court. The supreme court may alter and amend such rules and make other rules necessary for regulating the proceedings in any court."

[4] Franklin County, for example, has a fourteen-day response period, while Hamilton County has a ten-day response time. (Local Rule 25.01 of the Franklin County Rules of Practice of the Court of Common Pleas, General Division; Local Rule 14[B] of the Hamilton County Rules of Practice of the Court of Common Pleas.)

by an opponent. We find that such a limitation is not violative of the Due Process Clause of the Ohio Constitution. Local Rule 11(C) is reasonably related to the goal of efficient judicial administration.

We must next determine whether the trial court properly dismissed appellant's claim with prejudice for failure to comply with discovery orders. Appellee based his motion to dismiss on Civ. R. 37(B)(2)(c),[5] which permits the court to dismiss a party's suit if that party failed to obey a discovery order.

Civ. R. 41(B)(1) states:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

We hold that the notice requirement of Civ. R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ. R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice.

Accordingly, the two rules should be read *in pari materia* with regard to dismissals with prejudice.

This holding stems from and reflects "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 3. Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ. R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice.

Accordingly, we reverse the judgment of the court of appeals and remand the cause to the court of common pleas, since appellant did not receive prior notice of dismissal.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

---

[5] Civ. R. 37(B) reads, in pertinent part:

"(2) If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"* * *

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

DOUGLAS, J., concurs in judgment only.

CLIFFORD F. BROWN, J., concurring. I concur with all aspects of today's decision, but I write separately to express my concern over the seven-day time period for responses to motions provided by Local Rule 11(C). Although I agree with the majority's holding that the rule is not so unreasonable as to violate due process, I nevertheless disfavor a rule which provides so short a time for response. Often, the entire outcome of a case may hinge entirely on the response to a particular motion. I prefer a system which gives the parties at least ten days, if not fourteen, to formulate the best possible response. Allowing sufficient time for the best response may actually prevent judicial complications later in the case, and will certainly promote justice.

WRIGHT, J., concurs in the foregoing concurring opinion.