OPINION
Defendant Elizabeth Ann Dawson appeals a summary judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of plaintiff Carl Richard Cosgray, Jr., Administrator of the Estate of Carl Richard Cosgray, Sr. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN RULING THAT APPELLEE WAS ENTITLED TO JUDGMENT ON HIS MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN RULING THAT APPELLEE WAS ENTITLED TO JUDGMENT ON HIS MOTION OF SUMMARY JUDGMENT WHERE, AT A MINIMUM, THERE WAS A GENUINE ISSUE OF TRIABLE FACT ACKNOWLEDGED BY APPELLANT IN HER AFFIDAVIT ATTACHED TO HER MEMORANDUM CONTRA PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN RULING THAT APPELLEE WAS ENTITLED TO JUDGMENT ON HIS MOTION FOR SUMMARY JUDGMENT WITHOUT DETERMINING THE MARKET VALUE OF THE REAL ESTATE WHEN DAMAGES WERE ASSESSED AGAINST APPELLANT.
Appellant's statement of the issue presented, made pursuant to Loc. App.R. 9 (A) urges the court's summary judgment was inappropriate because the action raises material issues in genuine dispute. The underlying action concerned an auction of real estate. Appellant made the highest bid, but then refused to go forward with the purchase.
Civ.R. 56 (C) provides: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In support of his motion for summary judgment, appellee submitted his affidavit, a copy of the purchase contract between appellant and appellee, a copy of the subsequent sale contract, and various other documents. The trial court specifically found appellant filed no timely response. Pursuant to Civ.R. 56, the non-moving party may serve and file opposing affidavits any time prior to the day set for hearing on the motion. However, Licking County Court of Common Pleas Loc.R. 2 gives the opposing party 14 days to file its response, unless otherwise ordered by the court. Appellee's motion for summary judgment was filed on July 2, 1999, and appellant's memorandum contra was filed July 23, 1999. While this was one day prior to the trial court's memorandum decision, entered July 24 1999, it was untimely under the local rules. Appellant does not address the issue of whether her response was filed out of rule, but in Ohio Furniture Company v. Mindala (1986), 22 Ohio St.3d 99, the Ohio Supreme Court found a local rule which reduces the time to respond to motions but provides nevertheless a sufficient amount of time does not violate the due process clause of the Ohio Constitution, and is reasonably related to the goal of efficient judicial administration. We agree with the trial court appellant made no timely response to the motion for summary judgment. Accordingly, we review only the materials presented by the appellee in support of his motion for summary judgment. However, those materials must demonstrate appellee was entitled to judgment as a matter of law. If appellee's evidence contains ambiguities, or if the evidence could be construed in various ways, then the trial court should not enter summary judgment. Appellee attached a copy of the parties' purchase agreement. The contract contains no contingencies, and the property was sold "as is". The various issues appellant attempts to raise regarding whether the contract could be canceled, and the limit of her liability, are completely outside the plain language of the contract, and the record before us. We have reviewed the record on appeal, and we find the trial court did not err in finding there were no genuine issues of material fact presented in the within. Accordingly, each of the assignments of error are overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County Ohio, is affirmed.
 ________________________ Gwin, P.J.,
Hoffman, J., and Milligan, J., concur