[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Lloyd George Maxwell, appeals the trial court's judgment dismissing his complaint against H. Wesley Robinson and National Legal Professional Associates ("NLPA") for failure to prosecute pursuant to Civ.R. 41(B)(1).
In his sole assignment of error, Maxwell argues the trial court erred in dismissing his complaint with prejudice pursuant to Civ.R. 41(B)(1). Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute * * *, the court upon motion of a defendant or on its own motion may, after notice to [plaintiff] or plaintiff's counsel, dismiss an action or claim." Unless otherwise stated in the notice of dismissal, a dismissal under Civ.R. 41(B)(1) is with prejudice.[1]
The notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice.[2] A trial court does not need to provide direct notice to a party before dismissing its complaint. If the party has been informed by opposing counsel that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal, then notice will be implied.[3] The purpose of notice is to provide the party with an opportunity to defend against dismissal.[4]
The decision to grant or deny a motion to dismiss for failure to prosecute is within the discretion of the trial court and will not be reversed absent an abuse of discretion.[5] The term abuse of discretion means more than a mere error of law or judgment; it implies that the court's decision is arbitrary, unreasonable, or unconscionable.[6]
Having reviewed the record, we hold that the trial court did not abuse its discretion in granting the motion to dismiss. Maxwell filed his complaint against Robinson and NLPA on October 15, 1998. On November 9, 1998, Robinson and NLPA filed an answer to the complaint and a motion to dismiss pursuant to Civ.R. 12(B)(6). Over a year later, in January 2000, Maxwell filed a document captioned "Amendment in Support of a Complaint in the Captioned Case." On February 3, 2000, Robinson and NLPA filed a motion to dismiss pursuant to Civ.R. 41(B)(1). Maxwell admits that he was served with a copy of the motion
to dismiss and that he prepared a memorandum in opposition to the motion. Although his memorandum was never filed with the trial court, Robinson and NLPA responded to the memorandum on February 28, 2000. The trial court then dismissed Maxwell's complaint on June 8, 2000, with prejudice.
Because Maxwell admits that he was served with a copy of the motion and that he had an opportunity to respond, we conclude that Maxwell was placed on notice that his complaint could be dismissed. Further, we note that Maxwell had a reasonable opportunity to defend against dismissal, given that the trial court did not dismiss his complaint until some months later. As a result, the trial court's dismissal cannot be deemed arbitrary, unreasonable, or unconscionable, and Maxwell's assignment of error is overruled. We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.
[1] See Civ.R. 41(B)(3).
[2] See Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99,101, 488 N.E.2d 881, 883.
[3] See Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,49, 684 N.E.2d 319, 322.
[4] See id.
[5] See Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371,678 N.E.2d 530, 534.
[6] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.