OPINION
{¶ 1} Defendant-appellant Michael C. Edmonds appeals from a judgment rendered against him awarding $6,425 to plaintiff-appellee Robert M. Baker. Edmonds contends that the trial court erred by rendering default judgment against him for having violated a discovery order. We conclude that the trial court did abuse its discretion by rendering a default judgment against Edmonds without having conducted further inquiry to determine whether Edmonds had, in fact, violated the discovery order. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 2} Baker filed an action for money damages against Edmonds, setting forth causes of action for fraud and for conversion arising out of a real estate transaction that never came to fruition. Baker experienced difficulty obtaining Edmonds' appearance at a deposition.
 {¶ 3} On March 12, 2002, the trial court entered an order, in pertinent part as follows:
 {¶ 4} "The Court finds that the Defendant has not complied with discovery, not appearing for deposition. Accordingly, the Court hereby orders the Defendant to appear for deposition on Monday, March 18, 2002 at the Clark County Law Library, 101 North Limestone Street, Springfield, Ohio at 1:30 p.m. or to provide written evidence of medical excuse not to appear. If Defendant does neither, the Court will grant default judgment and set damage hearing at a later date."
 {¶ 5} Edmonds did not appear for his deposition, but provided a letter from Edith Smith, M.D., the entire text of which is as follows:
 {¶ 6} "To Whom It May Concern:
 {¶ 7} "Michael C. Edmonds was under my care on March 12, 2002 for control of abnormally high blood sugar related to diabetes mellitus. For his health and safety it was my recommendation that he be closely monitored during the period required to correct this potentially life-threatening abnormality."
 {¶ 8} On March 19, 2002 the trial court entered an order awarding default judgment to Baker, the entire text of which is as follows:
 {¶ 9} "On March 12, 2002 an Order was entered requiring the Defendant, Mike Edmunds [sic], to appear for deposition on March 18, 2002 at 1:30 p.m. or to provide written evidence of a medical excuse not to appear.
 {¶ 10} "Defendant's counsel has submitted a facsimile copy of a letter from an Edith Smith, M.D., which states that Mr. Edmunds [sic] was under her care on March 12. This conflicts with the Defendant's statements to the Court's staff on March 12 that he was hospitalized at Duke University Medical Center in North Carolina on March 12.
 {¶ 11} "Moreover, the facsimile letter from Dr. Smith does not state that Mr. Edmunds [sic] was unable to attend the deposition on March 18 as required by the Court's order of March 12.
 {¶ 12} "Accordingly, due to the Defendant's continuing pattern of failure to comply with the legitimate discovery matters sought by Plaintiff, a Judgment of Default is hereby awarded to the Plaintiff and against the Defendant.
 {¶ 13} "A hearing on damages will be scheduled at a later date, at which time the Court will consider whether additional sanctions, such as attorney fees, should be imposed.
 {¶ 14} "IT IS SO ORDERED."
 {¶ 15} The damages hearing resulted in a judgment being awarded against Edmonds in the amount of $6,425. From that judgment, Edmonds appeals.
 II {¶ 16} Edmonds' sole Assignment of Error is as follows:
 {¶ 17} "The Trial Court Erred To The Prejudice Of The Defendant By Granting Default Judgment To Plaintiff Absent A Showing Of Legal Right And Contrary To Ohio Civil Rules."
 {¶ 18} Edmonds first argues that there is no authority under the Ohio Civil Rules for rendering a default judgment as a sanction for violating a discovery order. Although Civ.R. 55, the Rule cited by Edmonds, does not provide for the rendering of a default judgment as a discovery sanction, Civ.R. 37(D) provides that a party failing to appear for a deposition is subject to sanction by the trial court, as authorized under subsections (a), (b), and (c) of Civ.R. 37(B)(2). The latter subsection, Civ.R. 37(B)(2)(c), expressly provides for the rendering of a judgment by default against a disobedient party. Accordingly, we conclude that default judgment is a permissible discovery sanction.
 {¶ 19} Edmonds next argues that he was entitled to notice of the trial court's intent to enter default judgment as a sanction, citingWheeler v. Denny's, Inc. (March 11, 1993), Montgomery App. No. 13517; andFlexman v. Flexman (March 15, 1993), Montgomery App. No. 13245. Both of these cases followed Ohio Furniture Company v. Mindala (1986),22 Ohio St.3d 99. All three of these cases involved the dismissal of an action as a discovery sanction against a disobedient plaintiff. The holding in Ohio Furniture Company v. Mindala, supra, was predicated upon Civ.R. 41(B)(1), which provides as follows:
 {¶ 20} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 21} Thus, by its clear terms, Civ.R. 41(B)(1) requires notice of the intent to dismiss an action as a sanction for non-compliance with the Ohio Civil Rules or with a court order. The case before us does not involve the dismissal of a cause of action as a discovery sanction against a nonobedient plaintiff. Therefore, Civ.R. 41(B)(1) does not apply, and neither do the three cases cited above.
 {¶ 22} Although Edmonds does not cite it, Civ.R. 55(A) arguably requires some sort of notice before a judgment of default is entered against a party who "has failed to plead or otherwise defend as provided by these rules. . . ." Arguably, this might apply to a defendant against whom a default judgment is sought as a discovery sanction.
 {¶ 23} We find it unnecessary to determine whether Civ.R. 55(A) requires notice of intent to render default judgment as a discovery sanction, because, in our view, the order of the trial court in this case entered on March 12, 2002, provided notice to Edmonds of its intent to enter default judgment as a discovery sanction.
 {¶ 24} The question remains whether the trial court abused its discretion in rendering default judgment as a discovery sanction in this case. As the Ohio Supreme Court noted in Ohio Furniture Company v.Mindala, supra, at 101, "a dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." Just as a dismissal on the merits is the ultimate sanction that can be rendered against a disobedient plaintiff, a default judgment is the ultimate sanction that can be rendered against a disobedient defendant. Accordingly, the preference for adjudicating disputes on their merits, rather than on the basis of procedural defaults, alluded to in Ohio Furniture Company v.Mindala, supra, militates in favor of the cautious exercise of the ultimate sanction of default judgment.
 {¶ 25} Although Edmonds did not appear for his deposition on March 18, 2002, he did provide a letter from a physician. The trial court concluded that the statements in that letter that Edmonds was under Dr. Smith's care on March 12, 2002, and that it was Dr. Smith's recommendation that Edmonds "be closely monitored during the period required to correct this potentially life-threatening abnormality," conflicted with statements evidently made to trial court personnel that Edmonds was hospitalized at Duke University Medical Center in North Carolina on March 12, 2002. In our view, it is not clear that these statements conflict. Edmonds may have been under Dr. Smith's care generally, and he may have been "closely monitored" while hospitalized in North Carolina.
 {¶ 26} Furthermore, it is not clear from Dr. Smith's letter whether a medical excuse existed for Edmonds' failure to attend his deposition on March 18, 2002. From the text of Dr. Smith's letter, one could make a reasonable inference either way on this issue. In our experience, it is often not possible, especially on short notice, to dictate a physician's choice of words in a letter written on behalf of a patient. Thus, the ambiguity in Dr. Smith's letter need not be construed strictly against Edmonds.
 {¶ 27} In short, it is not clear that Edmonds failed to comply with the trial court's conditional order of March 12, 2002. Although he did not appear for his deposition on March 18, 2002, he did provide a letter from a physician that may have constituted written evidence of a medical excuse for his failure to appear. Without some further inquiry by the trial court, it was not possible for the trial court to determine whether Edmonds had failed to comply with the condition in its order. Under these circumstances, we conclude that the trial court abused its discretion by imposing the sanction of a default judgment against Edmonds without further inquiry to determine whether he had, in fact, violated the trial court's order. It is Edmonds' burden to show that he complied with the court's order.
 {¶ 28} Upon remand, the trial court should hold a hearing to determine whether Dr. Smith's letter constituted written evidence of a medical excuse for Edmonds not to appear for his deposition on March 18, 2002. If the letter did constitute written evidence of a medical excuse not to appear, then the trial court should proceed accordingly, with pretrial discovery and a trial on the merits. If the trial court should find that Dr. Smith's letter did not constitute written evidence of a medical excuse for Edmonds not to appear for deposition, then the trial court may re-enter the default judgment, since Edmonds has assigned no error with respect to the trial on damages.
 {¶ 29} Edmonds' sole assignment of error is sustained.
 III {¶ 30} Edmonds' sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
WOLFF and GRADY, JJ., concur.