[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In September 2001, plaintiff-appellant Darlington Amadasu filed a lawsuit against United Dairy Farmers ("UDF") alleging defamation, negligence, and intentional infliction of emotional distress. Amadasu filed an amended complaint on March 19, 2002, alleging negligent infliction of emotional distress, abuse of process, "constitutional rights violations," and estoppel and implied warranty of operation in addition to his three original claims. On April 1, 2002, after several failed attempts to schedule Amadasu's deposition, UDF notified Amadasu that it would be taking his deposition on May 7. Amadasu did not appear at the deposition. On May 10, 2002, UDF filed a motion to dismiss the action pursuant to Civ.R. 37. In response, Amadasu filed a motion to strike the motion to dismiss.
 {¶ 3} On June 19, 2002, after conferring with Amadasu and selecting a mutually agreeable date, the trial court ordered Amadasu to appear for a deposition on July 16, 2002. On July 12, 2002, Amadasu filed a "motion for stay of entry ordering deposition and correction of instrument with supporting memorandum affidavit." Amadasu failed to appear at the July 16 deposition. On July 18, 2002, the trial court overruled Amadasu's motion and dismissed Amadasu's case against UDF.
 {¶ 4} In his first assignment of error, Amadasu contends that the trial court did not properly manage the case; specifically, he contends that the court did not establish a discovery deadline. There is no case-management schedule in the record and nothing to demonstrate how the court conducted the scheduling of this case. When portions of the record necessary for the resolution of assigned errors are omitted from the record, then a reviewing court has nothing to pass upon, and we must presume the validity of the lower court's proceedings.[1] Based on this record, we overrule the first assignment of error.
 {¶ 5} Next, we address Amadasu's third assignment of error, which challenges the dismissal of his case. Amadasu points to alleged errors both by UDF and by the trial court. Primarily he contends that all of the motions he received from UDF were undated and unsigned, which rendered the notice of the May 7 deposition and the motion to dismiss invalid. Further, he argues that he was not properly notified of the dismissal pursuant to Civ.R. 41(B)(1).
 {¶ 6} The trial court dismissed the lawsuit pursuant Civ.R. 37. Civ.R. 37(D) governs the failure of a party to attend its own deposition. Specifically, Civ.R. 37(D) permits the trial court to enter an order, pursuant to Civ.R. 37(B)(2)(c), to dismiss the action as a result of a party's failure to attend its own deposition. Civ.R. 41(B)(1) imposes a notice requirement on all involuntary dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c).[2]
The purpose of the notice requirement is to give the noncomplying party one last chance to obey the court's order.[3] Counsel has implied notice of an impending dismissal with prejudice for the purposes of Civ.R. 41(B)(1) where (1) counsel is informed that the dismissal is a possibility, and (2) counsel has had a reasonable opportunity to defend against it.[4] The decision to dismiss a case under Civ.R. 41(B)(1) rests within the sound discretion of the trial court and will not be disturbed by a reviewing court absent an abuse of that discretion.[5]
 {¶ 7} The record indicates that UDF properly filed a motion to dismiss on May 10, 2002, for Amadasu's failure to appear at his deposition and that UDF sent notice of the dismissal to Amadasu (who was acting pro se). Amadasu does not deny receiving the notice; rather he contends that the notice he received was unsigned and undated. The motion that appears in the record is signed and dated. As further evidence that Amadasu was on notice of the possibility of a dismissal, we note that Amadasu filed a responsive pleading to the motion. Thus, it is apparent that Amadasu was on notice of the possibility of a dismissal with prejudice.
 {¶ 8} After the filing of UDF's motion to dismiss with prejudice, the trial court gave Amadasu one last chance to attend a second deposition in accordance with Civ.R. 41(B)(1). Amadasu agreed to be deposed on July 16, 2002. At the last minute, Amadasu filed a motion to stay the entry ordering the deposition. Amadasu was not present for the July 16 deposition. In light of the fact that Amadasu was on notice that the action could be dismissed pursuant to Civ.R. 37 after he failed to attend the first scheduled deposition, that he responded to the motion to dismiss, and that Amadasu agreed to the July 16 deposition date, but then failed to appear and moved to stay the entry ordering the deposition at the last minute, we hold that the trial court did not err in finding that his noncompliance justified a dismissal. Therefore, we overrule the third assignment of error.
 {¶ 9} Given our disposition of the third assignment of error, we hold that Amadasu's second assignment of error, challenging the trial court's failure to rule on his motion to amend his complaint, is moot. Finally, Amadasu's motion to this court to "stay determination and decision pending resolution of the appellant's [App.]R. 9(c) statement and writ of mandamus petition" is overruled.
 {¶ 10} Therefore, the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.
[2] See Ohio Furniture v. Mindala (1986), 22 Ohio St.3d 99, 101,488 N.E.2d 881.
[3] See id.
[4] See Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,684 N.E.2d 319, syllabus.
[5] See id. at 47.