[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Plaintiffs-appellants Dave Buck, Kurt Ballman and Stephanie Frank (collectively "Buck") filed a complaint against defendant-appellee Ryland Homes, Inc., ("Ryland") on December 30, 1999. On July 9, 2001, the trial court ordered Buck to respond to Ryland's request for discovery. The court's entry stated that if Buck failed to respond within ten days, the case would be dismissed with prejudice. Buck provided the requested discovery.
 {¶ 3} On September 3, 2002, Ryland filed another motion to compel discovery. The motion was scheduled for a hearing on October 2, 2002. Neither Buck nor his counsel appeared at the hearing. The trial court granted Ryland's motion to compel. The court's entry stated that if Buck did not respond to the discovery request by October 23, 2002, the case would be dismissed. Buck failed to comply with the court's order. On October 24, 2002, the trial court dismissed Buck's complaint with prejudice.
 {¶ 4} Buck's counsel filed a motion to set aside the entry of dismissal, claiming that he had not received notice of the hearing, the motion to compel discovery or the order granting Ryland's motion and setting forth the sanction of dismissal for failure to comply. At no time did Buck object to the form of the discovery requests.
 {¶ 5} Following a hearing, the trial court overruled Buck's motion to set aside the dismissal. Buck has appealed.
 {¶ 6} The sole assignment of error alleges that the trial court erred in dismissing the case with prejudice.
 {¶ 7} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. See Quonset Hut, Inc.v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 684 N.E.2d 319. Civ.R. 41(B)(1) imposes a notice requirement on all involuntary dismissals with prejudice, including those entered for failure to comply with discovery orders. See id.; Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99,488 N.E.2d 881. The purpose of the notice requirement is to give the party an opportunity to explain or to correct the noncompliance, or to explain why the case should not be dismissed with prejudice. See QuonsetHut, supra; Logsdon v. Nichols, 72 Ohio St.3d 124, 1995-Ohio-225,647 N.E.2d 1361. The notice required by Civ.R. 41(B)(1) need not be actual, but may be implied when reasonable under the circumstances. SeeQuonset Hut, supra. The party must be given a reasonable opportunity to defend against dismissal before the trial court dismisses the case. SeeHillabrand Drypers Corp., 87 Ohio St.3d 517, 2000-Ohio-468,721 N.E.2d 1029.
 {¶ 8} Buck argues that Ryland's counsel's letter of June 24, 2002, which contained the interrogatories that the trial court ordered Buck to answer, did not constitute a formal set of interrogatories. Buck did not raise this argument below, and we do not consider it here, except to point out that Buck never objected to the form of the interrogatories. The trial court clearly ordered Buck to answer the interrogatories or to risk dismissal of the case.
 {¶ 9} Buck also argues that his counsel did not receive the notice required by Civ.R. 41(B)(1) of the trial court's intention to dismiss the action for failure to comply with a discovery order. Buck's counsel raised this argument at the hearing on the motion to vacate the entry of dismissal. The trial court clearly found counsel's claims to be incredible. The record supports the trial court's determination that Buck's counsel had notice of the trial court's intention to dismiss the action if Buck failed to comply with the trial court's order to provide the requested discovery.
 {¶ 10} Following a review of the record, we hold that it supports the trial court's determination that Buck's counsel had notice of the court's discovery order. In addition, we hold that the record shows that Buck's counsel was afforded a reasonable opportunity to defend against the dismissal of the case. We hold that the trial court did not abuse its discretion in dismissing the case with prejudice. The assignment of error is overruled.
 {¶ 11} Therefore, the judgment of the trial court is affirmed.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.