OPINION
{¶ 1} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 2} "(E) Determination and judgment on appeal.
 {¶ 3} "The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE CASE AND FACTS {¶ 5} On or about May 5, 2005, Appellant Discover Bank ("Discover") filed its Complaint against Paula R. and John L. White ("Appellees") for monies owed on Discover Bank Credit Card Account. On August 4, 2005, Appellees filed their "Answer to Summons" with the Mount Vernon Municipal Court. Said Answer requested verification of the alleged debt due to "lack of sufficient knowledge". On August 9, 2005, Judge Paul E. Spurgeon of the Mount Vernon Municipal Court filed for record a Journal Entry construing the request for verification as a demand for discovery. The trial court ordered appellant to file an accounting starting with a zero balance and ending with the amount that Discover claimed it was owed by Appellees. (Journal Entry, filed August 9, 2005). On or about August 22, 2005, Discover filed its Notice of Filing Account with monthly account statements from April 5, 1998 up and through January 2005. (Notice of Filing Account, filed August 22, 2005.). On October 7, 2005, Appellees filed a letter with the trial court stating that they had received a package of statements with a beginning balance of $4,909.83 and stating that they had not received the statements with a beginning zero balance as ordered. (See, Letter filed October 7, 2005; Journal Entry Filed January 26, 2006). On October 6, 2005, Discover filed its Motion for Judgment on the Pleadings. On October 7, 2005, the Appellees filed their Response. On November 28, 2005, Discover filed its Motion for Summary Judgment. Appellees did not file a response to Discover's Motion for Summary Judgment. On January 26, 2006, the lower court filed for record, its Journal Entry dismissing Discover's Complaint with prejudice. The trial court's Journal Entry stated, in relevant part: "[o]n November 28, 2005, the Plaintiff filed a motion for summary judgment with the court. Attached to the motion was an exhibit `A' which is a series of consecutive statements beginning with a statement that starts with a previous balance of $4,909.83. This is the same amount that the Defendant's claim was the beginning balance on the statements that they received.
 {¶ 6} "The Court finds that the Plaintiff has failed to comply with the Court discovery order of August 9, 2005. As sanctions for failure to comply with the discovery order, the Plaintiff's complaint is dismissed. The dismissal is with prejudice".
 {¶ 7} It is from the trial court's January 26, 2006 Journal Entry dismissing the case with prejudice that appellant now appeals, raising the following assignment of error:
 {¶ 8} "I. THE LOWER COURT ERRED TO THE PREJUDICE OF DISCOVER BANK IN DISMISSING DISCOVER'S COMPLAINT WITH PREJUDICE."
 I. {¶ 9} Civ. R. 41(B) (1) governs involuntary dismissals. The rule states that where the plaintiff fails to comply with any court order, the court may, after notice to the plaintiff's counsel, dismiss an action or a claim. For purposes of Civ. R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with an order when counsel has been informed that dismissal is a possibility, and has had a reasonable opportunity to defend against dismissal. Quonset Hut,Inc. v. Ford Motor Company (1997), 80 Ohio St.3d 46,684 N.E.2d 319, syllabus. Dismissal of a case is within the sound discretion of the trial court. Toney v. Berkemer (1983), 6 Ohio St.3d 455,453 N.E.2d 700; Zils v. Hinton (July 17, 2000), 5th Dist. No. 2000CA00095.
 {¶ 10} "The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128,647 N.E.2d 1361, 1365, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07; Hillabrand v. DrypersCorp., 87 Ohio St.3d 517, 518, 2000-Ohio-468, 721 N.E.2d 1029,1030-31.
 {¶ 11} In the case at bar, appellant did not have an opportunity to file a written response to defend against dismissal before the judge sua sponte dismissed the case with prejudice. Nowhere in its entry of August 9, 2005 did the trial court suggest that dismissal was a possibility if appellant did not file an account beginning with a zero balance.
 {¶ 12} Lack of notice of potential dismissal for alleged failure to comply with discovery precluded dismissal since notice of intention to dismiss with prejudice gives noncomplying party one last chance to obey order in full and dismissal on merits is a harsh remedy calling for due process guarantee of prior notice.Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101,135, 488 N.E.2d 881, 883. "The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ.R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice". Id.
 {¶ 13} Appellant's sole assignment of error is sustained. The trial court's Journal Entry filed January 26, 2006 is vacated and this case is remanded to the trial court for proceedings consistent with this decision.
Gwin, J., Wise, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the trial court's Journal Entry filed January 26, 2006 is vacated and this case is remanded to the trial court for proceedings consistent with this decision. Costs to appellees.