[Cite as *Jesenovec v. Marcy*, 196 Ohio App.3d 358, 2011-Ohio-4820.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95998

---

## JESENOVEC,

APPELLEE,

v.

## MARCY ET AL.,

APPELLEES;

### GRANGE MUTUAL CASUALTY COMPANY, Appellant.

---

### JUDGMENT:
### REVERSED AND VACATED,
### REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-614436 and CV-651591

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

**ATTORNEYS FOR APPELLEES**

**For Julie Jesenovec**

Lancione & Lancione, P.L.L.
John A. Lancione
200 Public Square
BP Tower, Suite 2900
Cleveland, Ohio 44114

Paul W. Flowers Co., L.P.A.
Paul W. Flowers
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113


**For Allison Marcy**

Ritzler, Coughlin & Paglia, Ltd.
Michael A. Paglia
1360 East Ninth Street
1000 IMG Center
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLANT
GRANGE MUTUAL CASUALTY CO.**

Gallagher Sharp
Timothy J. Fitzgerald
Richard C. O. Rezie
Bulkley Building, Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115-2108

SEAN C. GALLAGHER, Judge.

**{¶ 1}** Appellant, Grange Mutual Casualty Company, appeals the final judgment of the Cuyahoga County Court of Common Pleas that was entered on October 27, 2010, as well as other ancillary rulings of the court. For the reasons stated herein, we reverse the judgment in favor of appellee Julie Jesenovec on the underinsured-motorist ("UIM") claim, vacate the damage award, and order a new trial; reverse the dismissal of the action against appellee Allison Marcy; and remand the matter for proceedings consistent with this opinion.

**{¶ 2}** This case arises from a motor-vehicle accident that occurred on February 22, 2005, in which Jesenovec was in a vehicle struck by Marcy. At the time of the accident, Marcy was insured by State Farm Insurance Company and had a policy limit of $100,000. Jesenovec had UIM coverage with Grange.

**{¶ 3}** Under the Grange policy, UIM coverage is contractually limited to those situations where the insured is "legally entitled to recover" from the tortfeasor. The policy affords Grange a right of subrogation. It further excludes coverage in the event a claim is settled without Grange's consent, except where the settlement is with the insurer of an underinsured motor vehicle. Where a tentative settlement is reached with the insurer of the underinsured motor vehicle, Grange retained the right to advance payment to the insured in an amount equal to the tentative settlement.

{¶ 4} Jesenovec filed an action against Marcy on January 30, 2007 ("the Marcy action"). She filed a separate action against Grange on February 21, 2008. The two actions were consolidated in the trial court.[1]

{¶ 5} At a pretrial held on July 31, 2009, the parties engaged in settlement discussions. No settlement was reached on the UIM claim. Jesenovec reached a purported settlement for $58,000 on the personal-injury claims against Marcy, exhausting Marcy's policy limits.[2] As indicated in an affidavit submitted by Grange, "During [the July 31, 2009] pretrial, [Grange] was informed by State Farm's (Allison Marcy's liability insurer) adjuster that Allison Marcy had reached a tentative settlement with plaintiff Julie Jesenovec." Grange objected to the settlement and exercised its right to advance the settlement amount in order to preserve its subrogation interests against Marcy. A check was later issued by Grange to Jesenovec. Grange stated in its correspondence, "In accordance with the terms of the Grange policy, this will be sent as an advance to Julie Jesenovec of the $58,000 settlement offered by State Farm on behalf of Allison Marcy. As such, Grange preserves its rights of subrogation against the tortfeasor and its insurer."

{¶ 6} After the pretrial, the trial court issued an order indicating as follows: "The parties have advised the court that plaintiff has partially settled her claims. Court has

---

[1] The case was referred to arbitration, and the arbitrators found plaintiff's damages to be $80,000. Because of monetary limits imposed by local rule, the award was reduced to $50,000. Jesenovec filed an appeal de novo from the arbitration decision.

[2] By settling on her own policy limits, Marcy was able to reduce her own potential liability exposure by $100,000, which is applied as a setoff.

been advised of the terms of the settlement. Parties to submit entry. Court to retain jurisdiction." No entry was ever filed by the parties.

{¶ 7} After the partial settlement was announced, Grange sought leave to file a cross-claim against Marcy to set forth its subrogation interest. In responding to this motion, Jesenovec stated that "Grange's unexpected effort to pursue a cross-claim against [Marcy] is violative of the in-court settlement agreement which had been reached on July 31, 2009. [Jesenovec] had accepted an offer of $58,000 to resolve her claim against defendant, Marcy. An explicit condition to this arrangement was that defendant Marcy would be fully released from the case and only the underinsured motorist claim against Grange would remain for trial." Grange responded that the conditions of the settlement were not disclosed to Grange, violated the terms of its policy, and extinguished any UIM claim. The trial court denied Grange's motion as untimely.

{¶ 8} Grange also filed a motion for declaratory judgment seeking a dismissal of the UIM claim due to the settlement. As stated in the trial court's judgment entry, "[y]et another pretrial was held on October 2, 2009. It was represented to the court and the parties that the settlement agreement between Jesenovec and Marcy, which had not yet been finalized, would not affect Grange's subrogation rights. Grange admitted that, based on the facts represented, its motion for declaratory judgment was moot."

{¶ 9} On October 23, 2009, Jesenovec filed a motion to enforce settlement in which she asserted that she and Marcy had entered into "a valid and binding settlement agreement" and that the only claim remaining was between Jesenovec and Grange.

Jesenovec also requested the court to prohibit Marcy and her counsel from being present at trial. Grange responded to this motion and indicated that such a settlement would prejudice Grange's right to subrogation against the tortfeasor and would prohibit Jesenovec's UIM claim. Nevertheless, Jesenovec continued to represent that she had resolved her claim with Marcy and that the action should proceed only against Grange. Jesenovec indicated in her reply brief as follows: "As the case stands right now, Plaintiff has settled with Defendant, Allison Marcy. * * * There is no legitimate reason for Allison Marcy's attorney to continue to participate in this litigation and no reason why Allison Marcy should be present at trial. She has resolved her claim with Plaintiff." Marcy also represented that she and Jesenovec had entered into a valid settlement agreement, and she stipulated to her negligence.

{¶ 10} On November 5, 2009, the trial court granted the motion to enforce the settlement in part. The court determined that Jesenovec "resolved her claims against defendant Marcy to the extent of defendant Marcy's policy limits" and that "defendant Grange is entitled to setoff in the amount of defendant Marcy's policy limits." Although Marcy remained a party to the action and the claims against her had not been dismissed, the court inexplicably indicated that Marcy and her counsel would not be compelled to participate at trial, but could choose to attend. This was followed with an order on November 16, 2009, that stated: "[Jesenovec] and [Marcy] have settled their claims. Entry subject to termination of claims between plaintiff and her insurer."

{¶ 11} The case proceeded to trial on the UIM claim on November 20, 2009.   Prior to the commencement of trial, the court asked plaintiff's counsel to state the terms of the settlement on the record.   Counsel stated as follows:   "On July 31st there was a settlement conference with * * * counsel for Allison Marcy, insured by State Farm Insurance.   And [counsel] was present on behalf of Grange.   And there was a settlement conference to get the whole case resolved.   Grange did not want to contribute one penny, so the plaintiff settled with the tortfeasor in the amount of $58,000, which under the law constitutes exhaustion, is considered an exhaustion.   Grange had the opportunity under their policy, since we sued them for underinsured benefits, to advance the money, the $58,000, which they did advance that money. * * * And under the policy we're required to protect the subrogation rights, which we have done.   There is an acting, pending case of Julie Jesenovec versus Allison Marcy.   That was [sic] the terms of the settlement."

{¶ 12} Grange moved for dismissal prior to trial and for a directed verdict during trial based on the destruction of its subrogation rights by the settlement.   These motions were denied by the trial court.

{¶ 13} Marcy and her counsel did not appear to participate in the trial; however, Marcy was subpoenaed as a witness by Grange.   Jesenovec called several witnesses, including a neurologist, a life-care planner, and an economist.   These witnesses testified to the nature and extent of the injuries suffered by Jesenovec, the impairment of her earning capacity, and her future loss of earning attributable to the accident.   The court

overruled an objection to certain remarks made by plaintiff's counsel during closing argument. The jury returned a verdict against Grange in the amount of $625,893.

{¶ 14} Grange filed a motion for a new trial or judgment notwithstanding the verdict, again claiming that its subrogation rights had been destroyed. These motions were denied. Grange also filed a motion to intervene in the Marcy action or to be substituted for plaintiff as the real party in interest. The trial court granted the motion in part and allowed Grange to be substituted as the real party in interest in the Marcy action.

{¶ 15} Grange requested leave to file a motion for summary judgment against Marcy. Marcy opposed the motion, claiming that her settlement with Jesenovec barred Grange's subrogated claims.

{¶ 16} On or about October 27, 2010, the trial court sua sponte issued a judgment finding that Grange had failed to timely assert its subrogation rights and that the claims in the Marcy action were settled, and dismissed the action with prejudice. Specifically, the court found that the terms of the settlement were as follows: "1. Defendant Marcy to pay Plaintiff Jesenovec the amount of $58,000; 2. Plaintiff Jesenovec personally releases Defendant Marcy of any and all liability exceeding $100,000 subject to the following limitation; 3. Plaintiff Jesenovec's release is expressly limited to her personal claims not exceeding $100,000 and does not preclude the rights, if any, of subrogees to the extent those rights otherwise exist under applicable law."

{¶ 17} Grange timely filed this appeal, raising three assignments of error for our review. The first assignment of error provides as follows:

{¶ 18} "The trial court erred as a matter of law by: 1) holding that plaintiff Jesenovec's breach of the preservation of subrogation rights * * * did not eliminate Grange's obligation to provide such coverage; and 2) accordingly denying Grange's motions to dismiss, for directed verdict, and for judgment notwithstanding the verdict."

{¶ 19} Grange argues that the trial court erred in failing to find that its subrogation rights had been destroyed because there had been a full settlement and release of Jesenovec's claims against Marcy. Grange further asserts that it is not required to provide UIM coverage under the policy because Jesenovec is no longer "legally entitled to recover" from Marcy.

{¶ 20} A subrogation clause is an enforceable precondition to an insurer's duty to provide UM/UIM coverage. *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 29, 521 N.E.2d 447. Subrogation allows an insurance company to recover from the tortfeasor money it pays in benefits on behalf of its insured. See id. An insurer is relieved from its obligation to provide coverage if the insured breaches the subrogation clause and the breach prejudices the insurer. *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, at paragraph two of the syllabus. Once a breach occurs, "a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Id. at ¶ 91.

{¶ 21} Grange argues that Jesenovec destroyed its subrogation rights by entering into a settlement with Marcy and releasing her personal claims. A review of the record reflects that at the July 31, 2009 pretrial, all parties engaged in settlement negotiations.

Apparently, Grange was opposed to settling the UIM claim. When Jesenovec and Marcy announced that they had reached a settlement, Grange did not consent to the settlement and chose to advance the settlement amount to preserve its subrogation rights.

{¶ 22} "Once an insured notifies its underinsured motorist carrier of a settlement, the carrier can either pay the amount of settlement itself and preserve its subrogation rights or do nothing and forfeit subrogation rights." *Phillips v. State Auto. Mut. Ins. Co.* (1988), 127 Ohio App.3d 175, 187, 711 N.E.2d 1080. Here, Grange promptly preserved its rights.

{¶ 23} The trial court issued an order indicating that a partial settlement had been reached. The court indicated in another entry that it had been represented to the court that the settlement agreement between Jesenovec and Marcy, which had not yet been finalized, would not affect Grange's subrogation rights. Consistent with these representations, and following the filing of the motion to enforce the settlement, the trial court determined that the claim against Marcy was resolved "to the extent of defendant Marcy's policy limits." The court further recognized that Grange was "entitled to setoff in the amount of defendant Marcy's policy limits."

{¶ 24} We recognize that uncertainty was created by the conflicting representations of the parties in their pleadings and the problematic rulings of the court, which designated the Marcy action inactive and allowed the trial to proceed only as to Grange. The matter was further complicated by the fact that the parties never reduced the terms of the settlement to writing as instructed by the court. Notwithstanding this confusion, the

record clearly reflects that Grange retained enforceable subrogation rights when it objected to the settlement and advanced the settlement funds to Marcy. As reflected in the trial court's judgment entry, which stated the terms of the settlement, Jesenovec's release was "expressly limited to her personal claims not exceeding $100,000" (Marcy's policy limits) and did not preclude subrogation rights.

{¶ 25} We recognize that subrogation is a derivative right. In this case, Grange advanced the settlement funds and preserved the legal right to recover against Marcy with regard to subrogated claims arising from Jesenovec's UIM coverage. As a result, Marcy was not dismissed or released from the action and Grange's subrogation rights were preserved. Because claims remained pending against Marcy, the trial court should not have inactivated the case against her, and Grange should have been permitted to pursue its subrogation rights.

{¶ 26} We shall address these errors further below. However, because Grange's rights were not abrogated, it was not entitled to a dismissal of the action or a directed verdict. Therefore, we must overrule Grange's first assignment of error.

{¶ 27} Grange's second assignment of error provides as follows: "In the alternative, assuming * * * the settlement * * * preserved Grange's subrogation rights, the trial court violated due process and erred as a matter of law by: 1) sua sponte dismissing Grange's claim against defendant Marcy with prejudice after substituting Grange for plaintiff Jesenovec as the real-party-in-interest against Marcy; and 2) by not entering judgment against Marcy in the full amount of Grange's subrogated interest."

{¶ 28} The Ohio Supreme Court has indicated that "[a] dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 488 N.E.2d 881. In this case, the trial court sua sponte dismissed the Marcy action with prejudice upon finding that Grange had failed to timely assert a subrogation claim prior to the trial date or settlement of the case. The trial court did not notify the parties of the intended dismissal. Furthermore, as we have already found that Grange should have been permitted to pursue its subrogation rights, we conclude that the trial court erred in dismissing the Marcy action. Grange's second assignment of error is sustained to the extent stated.[3]

{¶ 29} Grange's third assignment of error provides as follows: "The trial court erred in denying Grange's motion to vacate judgment and for new trial based upon the cumulative prejudicial effect [of] its erroneous rulings before and during trial."

{¶ 30} A trial court's ruling on a motion for a new trial is ordinarily reviewed for an abuse of discretion. See *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201, ¶ 35. Among its other arguments, Grange asserts that the trial court erred in bifurcating the trial and allowing Jesenovec to proceed directly against Grange alone rather than the tortfeasor. This was a consolidated action. The trial court recognized that Jesenovec and Marcy had resolved their claims "to the extent of Marcy's policy limits." Thus, the claims were only partially resolved, and Marcy was

---

[3] We note that the merits of Grange's motion for summary judgment against Marcy are not properly before us in this appeal, and a ruling thereon would be premature in light of our decision herein.

never dismissed from the action.   Although Marcy remained a party to the consolidated action, the trial court ruled that the action would proceed to trial only on the claims against Grange and ordered that Marcy would have the option to appear.   Bifurcation was not explicitly ordered, yet the case proceeded only against Grange.   The court's erroneous decisions clearly prejudiced the rights of the parties in the consolidated action. Under these exceptional circumstances, we find that a substantial injustice occurred and that basic fairness requires a new trial.

{¶ 31} Grange further asserts that the trial court erred when it denied Grange leave to file a cross-claim and when it denied its motion to intervene in the Marcy case in order to assert its subrogation claim.   The decision to grant or deny a motion to intervene is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.   *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, at ¶ 47.   In exercising its discretion, a court should consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.   Civ.R. 24(B)(2).

{¶ 32} Contrary to the findings of the trial court, the record reflects that Grange repeatedly asserted its subrogation rights, which were preserved when Grange tendered the amount of the settlement on Marcy's policy limits.   Shortly thereafter, Grange attempted to file a claim before trial but was denied the opportunity.   All parties were aware of Grange's subrogation rights, and the court understood that Grange's rights would not be affected by the settlement.   Further, the subrogated carrier merely steps into

the shoes of its insured and acquires the same rights as its insured. See *Bogan*, 36 Ohio St.3d at 29-30; *State v. Jones* (1980), 61 Ohio St.2d 99, 101-102, 399 N.E.2d 1215. Thus, permitting Grange to assert a cross-claim would not necessitate undue delay in the action or prejudice the parties. Under the circumstances of this case, we find that the trial court abused its discretion in finding that Grange failed to timely assert its subrogation rights and in denying Grange the opportunity to assert its claim and intervene in the Marcy action. Grange's third assignment of error is sustained.

{¶ 33} In conclusion, we find that Grange retained enforceable subrogation rights and that the court erred in not allowing Grange to pursue those rights against Marcy. We further find that Marcy was not released from the action and that the court erred in proceeding to trial on the UIM claim without all parties present. We reverse the judgment in favor of Jesenovec on the UIM claim, vacate the damage award, and order a new trial; we reverse the dismissal of the action against Marcy. Upon remand to the trial court, Grange shall be permitted to intervene in the Marcy action and shall be granted leave to file a cross-claim to assert its subrogation claim. Further, the consolidated matter should be retried as a whole with all parties present, including Marcy.

{¶ 34} All other issues that have not been addressed are moot.[4]

Judgment reversed,

---

[4] Though inappropriate, we do not find that the challenged comments of opposing counsel amounted to an unpled bad-faith claim.

verdict vacated,

new trial ordered,

and cause remanded.


BOYLE, P.J., and COONEY, J., concur.