**LEVORCHICK, Appellant,**

**v.**

**DeHART et al., Appellees.**

[Cite as *Levorchick v. DeHart* (1997), 119 Ohio App.3d 339.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 96–CA–22.

Decided April 25, 1997.

*Robert Levorchick, pro se.*

*John E. Fulker* and *James D. Utrecht,* for appellee.

BROGAN, Judge.

In this case, appellant, Robert Levorchick, appeals from the judgment of the trial court dismissing his claims against appellees, Shannon DeHart and the Tabernacle of the Lord Jesus Christ Church ("Tabernacle"). The pertinent procedural history of this action is as follows. On December 8, 1993, Levorchick filed a complaint against DeHart and the Tabernacle on the grounds of defamation, clergy malpractice, and intentional and negligent infliction of emotional distress (Miami C.P. No. 93–389). Although the factual background of the case is not well developed, the complaint appears to have arisen from a divorce between Levorchick and Mrs. Levorchick, subsequent criminal charges of child molestation that were resolved in Levorchick's favor in 1992, and Levorchick's expulsion from the Tabernacle (where DeHart was reverend) in May 1990.

After the original complaint was filed, the court established discovery deadlines, a trial date, and deadlines for filing motions. In particular, an order was filed on February 2, 1994, indicating that a settlement conference would be held on December 12, 1994, at 11:00 a.m. The notice of settlement conference stated that both counsel and the parties were required to appear for the conference and that noncompliance could result in sanctions, including dismissal of the case. At that time, Levorchick was represented by counsel.

Discovery then proceeded without apparent incident, at least of record, including the taking of Levorchick's deposition. In addition, Levorchick answered interrogatories propounded by the appellees. On September 27, 1994, the appellees filed a notice indicating that Levorchick's deposition was being filed with the court. An identical notice was also filed by appellees on November 30, 1994, along with a motion for summary judgment. Attached to the motion were the interrogatory answers of Levorchick, which appellees argued either barred certain claims based on the statute of limitations or demonstrated the lack of involvement of DeHart in the events giving rise to the claim. The appellees also relied on Levorchick's filed deposition.

Less than two weeks after the motion for summary judgment was filed, the settlement conference took place. According to the settlement conference report

filed by the appellees, the parties met before the conference, on December 6, 1994, to attempt to resolve the case. However, the parties were far apart in their settlement positions. As was noted above, the settlement conference was set for 11:00 a.m. on December 12, 1994, but neither Levorchick nor his counsel attended the conference. At 2:48 p.m. on December 12, the court filed an order dismissing Levorchick's case without prejudice. In its judgment entry of dismissal, the court noted that Levorchick and his trial counsel had not appeared for the settlement conference. The entry further stated that the court had contacted the office of Levorchick's counsel and notified "them" of the court's intent to dismiss the case without prejudice, upon learning that counsel for the plaintiff was elsewhere.

The dismissal was not appealed, but on December 6, 1995, Levorchick refiled his complaint against appellees, raising the same allegations that had been made in the previous suit. This time, Levorchick was not represented by counsel, although the appellees were represented by the same counsel as in the prior action. When filed, the new case was assigned to Judge Wellbaum, but was then transferred two days later to the docket of Judge Lindeman, who had been the judge presiding over the first action. As in the previous case, Judge Lindeman filed orders establishing discovery deadlines and a trial date, with trial being set for September 24, 1996, and the discovery deadline being August 12, 1996.

On May 6, 1996, the appellees filed a motion for sanctions based on Levorchick's failure to appear for a deposition scheduled for May 3, 1996. The affidavit and documents attached to the motion reveal that John Fulker, counsel for appellees, gave notice of Levorchick's deposition to be taken April 22, 1996. However, on April 10, 1996, Levorchick contacted Fulker to say he could not appear for the deposition because he already had a court appearance scheduled for the same time. Levorchick also said in the letter that he would be available the following week. Instead of rescheduling the deposition, Fulker wrote back and told Levorchick that he had contacted the court and learned that the notice for Levorchick's court appearance had been filed on April 11, 1996, while Fulker's notice of deposition had been sent to Levorchick on April 1, 1996. Fulker informed Levorchick that the deposition notice thus took priority and that Levorchick would have to obtain a continuance of the court matter.

Levorchick responded by pointing out that the hearing conflicting with the deposition involved two motions, one of which had been set for hearing on February 27, 1996, before Fulker's deposition notice was filed. The hearing on the second motion, filed after Fulker's deposition notice, had been combined with the hearing on the first motion. Accordingly, Levorchick told Fulker that the court's order did take priority and that he could not appear for the deposition as scheduled. Again, Levorchick indicated times when he would be available for

deposition. Subsequently, Fulker acknowledged the mixup and filed an amended notice of deposition for Friday, May 3, 1996. However, on May 1, 1996, Levorchick notified Fulker's office that he would not be appearing for the deposition on May 3, 1996, because he was in the process of retaining an attorney and had been told by the attorney to continue the deposition until June 7, 1996 or later. Levorchick did not file a motion for protective order, but did file a memorandum in response to the motion for sanctions. In this memorandum, Levorchick repeated what he had previously told Fulker's office about attempting to find counsel. Levorchick also attached a letter from the attorney he had contacted, confirming that the attorney had asked Levorchick to have the deposition continued to give the attorney time to evaluate the case and decide whether to represent Levorchick. The attorney also asked that the judge or opposing counsel contact him if either would like confirmation of the facts in the letter.

On May 29, 1996, the trial judge filed a judgment entry, dismissing Levorchick's action with prejudice. In dismissing the case, the court indicated that it had reviewed the history of the case, including the noncompliance in the previously filed action. Based on this review, the court found Levorchick at fault in not appearing for the settlement conference in the first action, and further felt that Levorchick had sufficient time to find counsel, since a year had elapsed since the prior dismissal and refiling. The court thus found a presumption of bad faith on Levorchick's part justifying dismissal. No prior notice of the court's intent to dismiss was given to Levorchick.

On appeal, Levorchick raises the following single assignment of error:

"The trial court abused its discretion to dismiss by virtue of the fact that its decision is unreasonable, biased, and unconscionable."

With the above factual background in mind, we now consider the single assignment of error.

## I

With regard to depositions, Civ.R. 37(D) provides as follows:

"If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with proper notice, * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any actions authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule."

Among the sanctions authorized under subsection (B)(2) of Civ.R. 37 are orders refusing to allow the disobedient party to support or oppose claims, orders striking pleadings or staying the proceedings, and orders dismissing the action or

rendering a judgment by default. However, the trial court's ability to impose sanctions is not unbridled, and is subject to certain procedural requirements.

In *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881, the Supreme Court reversed a trial court's decision dismissing an action with prejudice for failure to comply with discovery orders. The court's reasoning in reversing was that the trial judge had failed to give the plaintiff prior notice of the intention to dismiss, pursuant to Civ.R. 41. Specifically, the court commented as follows:

"Civ.R. 41(B)(1) states: 'Where the plaintiff fails to prosecute or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim.'
\* \* \*

"We hold that the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." (Emphasis *sic.*) *Id.* at 101, 22 OBR at 135, 488 N.E.2d at 883.

Although *Ohio Furniture Co.* has been questioned by some appellate courts, it has also been uniformly interpreted as mandating that courts give a noncompliant party a "second chance" to comply with court orders before imposing dismissal. See, *e.g., Loynd v. Scott Molders, Inc.* (1990), 62 Ohio App.3d 888, 893, 577 N.E.2d 736, 739 (reversing dismissal of case based on trial court's failure to provide plaintiff with a Civ.R. 41 notice of the court's intent to dismiss); *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 132, 574 N.E.2d 579, 583–584; *Carr v. Green* (1992), 78 Ohio App.3d 487, 491, 605 N.E.2d 431, 434; and *Rankin v. Willow Park Convalescent Home* (1994), 99 Ohio App.3d 110, 112, 649 N.E.2d 1320, 1321–1322. In this district, we have reached the same conclusion in two unreported cases. See *Flexman v. Flexman* (Mar. 15, 1993), Montgomery App. No. 13245, unreported, 1993 WL 76949; and *Wheeler v. Denny's, Inc.* (Mar. 11, 1993), Montgomery App. No. 13517, unreported, 1993 WL 65737. The notice requirement of Civ.R. 41 has been applied to dismissals with and without prejudice. See, *e.g., Moore v. Emmanuel Training Ctr.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879.

In *Wheeler,* the trial court filed a pretrial order indicating that failure to comply with any court order could result in sanctions, including dismissal. When given notice of a deposition, the plaintiff in *Wheeler* did not appear. When a motion to compel discovery was filed, the plaintiff filed a motion for a protective order, stating she could not afford travel expenses to appear in Dayton for the deposition. However, the trial court denied the protective order and ordered plaintiff to appear in Dayton for the deposition. A second notice to take

deposition was filed, and a second motion for protective order was filed approximately one half hour before the deposition was to take place. This time, the trial court granted the defendant's motion to dismiss the case with prejudice, based on the plaintiff's failure to comply with discovery orders.

We reversed, finding that although the plaintiff had acted willfully and in bad faith, the trial court had not indicated its intent to dismiss, consistent with *Ohio Furniture Co.* and other appellate authority following that decision. In particular, we emphasized that the notice given in the pretrial order about possible dismissal for failure to comply with court orders was insufficient for purposes of satisfying Civ. R. 41. Specifically, we commented as follows:

"We are bound by the *Ohio Furniture* holding and now at least three appellate districts have concluded that it contemplates the trial court giving to the noncomplying party prior notice of intent to dismiss with prejudice *and* one last opportunity to fully comply with discovery procedures. In the case at bar, there is no evidence in the record that the trial judge gave appellant notice of her intent to dismiss appellant's complaint with prejudice for failure to comply with discovery orders and procedures, nor is there any indication that the trial judge gave appellant one last opportunity to fully comply with the discovery order." (Emphasis *sic.*)

Likewise, in the present case, the trial judge failed to give Levorchick notice of his intent to dismiss the complaint, nor did the judge give Levorchick a last chance to comply with discovery orders and procedures. Accordingly, the dismissal must be reversed based on the lack of proper notice under Civ.R. 41. We also note that the trial court incorrectly relied on three Ohio cases for the proposition that a one-step dismissal method exists for immediate disposition of sanctions where a party is noticed for deposition and does not appear. The first case, *Dafco v. Reynolds* (1983), 9 Ohio App.3d 4, 9 OBR 4, 457 N.E.2d 916, was issued before the 1986 Supreme Court decision in *Ohio Furniture Co.* Therefore, the *Dafco* court's dismissal of the case based on the plaintiff's failure to appear for deposition would now be improper. The second case, *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116, 1119–1120, specifically cited *Ohio Furniture Co.*, and noted that the trial court had previously ordered, when compelling the plaintiffs to answer interrogatories, that continued failure to answer would result in dismissal of the case. Thus, the procedure used in *Russo* was not "one-step," but complied fully with the requirements of *Ohio Furniture Co.*

Finally, the third case, *Am. Sales, Inc. v. Boffo* (1991), 71 Ohio App.3d 168, 593 N.E.2d 316, involved the granting of a default judgment rather than an involuntary dismissal under Civ. R. 41. In this regard, we note that *Ohio*

*Furniture Co.* and the cases following it are based on Civ.R. 41, which covers only dismissals by the plaintiff, or dismissals of counterclaims and third-party complaints. Thus, the requirement of prior notice of intent to dismiss would not apply in a default judgment situation, although the court's discretion in such cases should still be guided by the intention behind Civ.R. 37 sanctions. The requirement of prior notice would also not apply in connection with lesser sanctions, since Civ.R. 41, again, relates only to involuntary dismissals. As we noted in *Getter v. Getter* (1993), 90 Ohio App.3d 1, 5, 627 N.E.2d 1043, 1045:

"The purpose of the sanctions authorized by Civ.R. 37 is to remedy prejudice created by the failure to provide discovery, not to punish for that failure. Therefore, the sanction imposed must be limited to the scope of that prejudice and be proportionate to it."

While the trial court's reliance on our decision in *American Sales* is understandable, that case is distinguishable from the present situation. We also leave for another day the issue of whether *American Sales* was correctly decided, particularly since a default judgment may impose consequences upon a party as severe as those occasioned by involuntary dismissal.

We also emphasize that our decision should not be read as approving a party's failure to comply with discovery, since full and fair disclosure is the cornerstone of the trial process. On the other hand, dismissal is an extreme sanction, especially in a case such as the present, where the plaintiff's deposition had previously been taken and several months remained before the expiration of discovery deadlines. A more proportionate sanction, in line with the appellees' prejudice, may have been to award expenses associated with the filing of the motion to compel, or to prohibit Levorchick from testifying about matters not covered by the deposition taken in the original action. Alternatively, the court could also have given Levorchick a time deadline for obtaining new counsel and appearing for deposition. Any of these sanctions could have appropriately been imposed expeditiously and without running afoul of *Ohio Furniture Co.*'s prior-notice requirement.

■ Following oral argument, appellees filed a supplemental memorandum, contending that *Ohio Furniture Co.* applies only to dismissals with prejudice and is distinguishable from the present case, because the trial court did not include the words "with prejudice" in dismissing Levorchick's complaint. Appellees are correct that the trial court did not specify in its order whether the dismissal was with or without prejudice. However, the law is established that under Civ.R. 41(B), an involuntary dismissal is with prejudice unless the court's order of dismissal affirmatively states otherwise. See *Austin v. Miami Valley Hosp.* (1984), 19 Ohio App.3d 231, 232, 19 OBR 382, 383–384, 483 N.E.2d 1185, 1186–1187; Staff Notes to Civ.R. 41; *McCann v. Lakewood* (1994), 95 Ohio App.3d 226,

642 N.E.2d 48; and *In re Atkins* (1990), 67 Ohio App.3d 783, 588 N.E.2d 902. Consequently, the dismissal in this case was with prejudice, since the trial court did not affirmatively state otherwise, and *Ohio Furniture Co.* is fully applicable.

Based on the foregoing discussion, appellant's single assignment of error is sustained. Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the trial court.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., and FAIN, J., concur.