JOURNAL ENTRY and OPINION
Defendant-appellant herein, Christopher Delisio, appeals from the trial court's grant of default judgment in favor of plaintiff-appellee, Lauren LaRiche, as a discovery sanction for failing to appear at a properly noticed deposition. Because we conclude that the trial court failed to give proper notice of its intention to grant default judgment as a discovery sanction under Civ.R. 37(D), we reverse the judgment of the trial court and remand this matter for a hearing on the merits.
The parties in this action were involved in a motor vehicle accident on July 25, 1995, whereby the appellant illegally drove left of center and collided with an automobile in which the appellee was a front seat passenger. As a result of the accident, the appellee cracked the windshield with her head and sustained several bruises and lacerations. The appellee incurred medical bills treating the injuries she received as a result of the accident in the amount of approximately $3,570. This total includes medical treatment sought by the appellee for headaches and dizzy spells which she alleges were caused by the impact of the accident.
The within complaint was filed on January 14, 1997. After an initial delay in filing an answer, the appellant answered the complaint on October 16, 1997. On April 7, 1998, the trial court held a case management conference. The court's journal entry entered subsequent to the case management conference stated [D]iscovery to conclude by 7/1/98. To be referred to arbitration on 7/1/98. The case was, in fact, referred to arbitration on July 9, 1998.[1] On September 29, 1998, the report and award of arbitration was filed. The arbitration panel found in favor of the appellee and awarded her damages in the amount of $17,500. On October 20, 1998, the appellant filed a notice of appeal of the arbitration award. The case was thereafter initially set for trial on March 9, 1999 and was then continued until May 10, 1999. At no time after the filing of the appellant's appeal of the arbitration award did the trial court enter any order permitting the parties to engage in additional discovery, although it is stated in the appellee's brief that the appellant's attorney consented to make his client available for deposition and that the trial court permitted appellee to seek this additional discovery.
On May 12, 1999, the trial court again continued the trial date and, in so doing, entered the following journal entry:
 Case called for trial; parties agree to reset trial to 6/14/99 at 9:30 a.m. There will be no continuance of this trial date.
 The court will entertain a motion for sanctions at the appropriate time.
On June 11, 1999, a Friday, the appellee filed a Motion for Default Judgment or Plaintiff's Motion to Compel and for Sanctions. The following Monday, June 14, 1999, the day of trial, the trial court heard oral arguments on the motion filed by appellee. The appellant, a student at Kent State University, was present in court on the day of trial and eventually submitted to a deposition on that same day. Thereafter, on June 16, 1999, the trial court entered the following order:
 Case called for trial; plaintiff filed a motion for default judgment or in the alternative a motion to compel and for sanctions. After hearing the arguments from both parties, plaintiff's motion for default judgment is granted. A hearing on default damages is set for 7/20/99 at 2:30 p.m. Prior to this hearing, attorney for defendant is to produce defendant Christopher Delisio for depo(s), to notify Allstate Ins. Co. to make available the assigned adjuster to the case for depo(s) and for the hearing. The adjuster is to provide all records, files, all dollar figures and photos relating to this action for the depos(s) and hearing. Failure to comply with this court's order will result in a contempt order with the possibility of fines or jail.
On July 14, 1999, the appellant filed a notice of appeal to this court from the order of the trial court. That appeal, Cuyahoga App. No. 76999, was dismissed by this court on August 5, 1999 per R.C. 2505.02 for lack of a final, appealable order.
On September 8, 1999 the trial court held a hearing for the purpose of determining damages. On November 12, 1999, the trial court issued an Order Granting Default Judgment and Sanctions, which ran six pages. The trial court found therein that the Defendant and his counsel and his insurer consciously and willfully disregarded and violated this Court's Order. Ironically, the order the appellant was said to have violated in the court's November 12, 1999 opinion was the June 16, 1999 order which was issued two days after the court held hearings on the motion for default and is the same order wherein the court grants default judgment in favor of the appellee. (Trial Court's Order of November 12, 1999, p. 5.) In its opinion, the trial court entered judgment in favor of the appellee in the amount of $48,570 in damages, $3,800 in sanctions representing attorney fees incurred by appellee in obtaining discovery and $740.45 in court costs.
The appellant timely filed the within appeal from the November 12, 1999 order of the trial court. The appellant's first assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT, CHRISTOPHER DELISIO.
Civ.R. 37(D) provides in pertinent part:
 If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with proper notice * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. * * * (Emphasis added.) Civ.R. 37(B)(2) provides in pertinent part:
 If any party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 (c) An order striking out pleadings or parts thereof * * * or dismissing the action or proceeding or any part thereof, or rendering a judgment of default against the disobedient party. (Emphasis added.)
Among the sanctions authorized under subsection (B)(2)of Civ.R. 37 are orders striking pleadings or staying the proceedings and orders dismissing the action or rendering a judgment by default. However, the trial court's ability to impose sanctions is not unbridled and is subject to certain procedural requirements. Levorchik v. Dehart (1997),119 Ohio App.3d 339, 344, 695 N.E.2d 303, 305.
The Ohio Supreme Court recently reaffirmed that proper notice is a prerequisite to any dismissal (and by analogy any default judgment) entered against a party for failure to comply with a discovery order:
 Civ.R. 41(B)(1) permits a trial court to dismiss an action for failure to comply with a court order, but only after notice to plaintiff's counsel. This court has held that a dismissal with prejudice is proper only "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." (Emphasis added.) Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 684 N.E.2d 319, syllabus. "The notice requirement of Civ.R. 41(B)(1) applies to alldismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis sic.) Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101, 22 Ohio B. Rep. 133, 135, 488 N.E.2d 881, 883; Sazima v. Chalko(1999), 86 Ohio St.3d 151, 712 N.E.2d 729. "The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07.
Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517, 518.
The case of Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, has been interpreted as offering non-compliant parties a "second chance" to comply with court orders before imposing dismissal. Levorchik, supra, at 343.
The parties herein each recognize that the lynchpin of our determinationof the appropriateness of the trial court's grant of default judgment in favor of the appellee is whether the appellant was properly noticed of the possibility that the court might resort to such a measure.
It is axiomatic that a court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. Although the appellee makes continuous references throughout her brief to an oral motion for default judgment allegedly made on or about May 12, 1999 and the fact the trial court stated that the appellant had thirty days to appear for deposition or face default judgment, none of this is reflected in the court's journal entry. The May 12, 1999 journal entry merely states the court will entertain a motion for sanctions at the appropriate time. It is not at all apparent to this court that the trial court was putting the appellant on notice that he was under obligation to appear for deposition or face default judgment. The journal entry makes absolutely no reference of the appellant's failure to appear for a deposition or any failure to cooperate in discovery whatsoever. There is no mention in the subject journal entry of any oral motion for default judgment made by the appellee. Additionally, at no time prior to June 11, 1999 did the appellee file a motion to compel, a motion for default judgment or any other motion seeking sanctions against the appellant for failure to attend his deposition. We simply cannot accept at face value the appellee's contention that the appellant was told that he had one last chance to appear for deposition or face a potential default judgment as there is no supporting evidence thereof contained in the record.
Thus, for the purposes of this court's review, the appellant had prior notice of exactly one business day before the court granted the motion for default judgment without permitting the appellant a reasonable time to respond. Such minimal notice is deficient as a matter of law as there was no reasonable opportunity to defend against the dismissal as required under the holding in Hillabrand v. Drypers Corp., supra. See, also, Quonset Hut v. Ford Motor Co., supra; Levorchik v. Dehart, supra.
Accordingly, because we find that the trial court acted unreasonably and arbitrarily in awarding default judgment against the appellant, the appellant's first assignment of error is sustained.
Our disposition of the appellant's first assignment of error renders moot the remaining assignment of errors. The second and third assignments of error state:
 II. THE TRIAL COURT ERRED IN PROCEEDING TO A DAMAGES HEARING THEREBY VIOLATING DEFENDANT'S CONSTITUTIONAL RIGHT TO A JURY.
 III. THE DAMAGES AWARDED ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND EXCESSIVE.
Judgment reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 ______________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Loc.R. 29(D) of the Court of Common Pleas of Cuyahoga County, General Division states:
 All discovery must be completed before a case is referred to Arbitration. Timely motions must be ruled upon. The issues must be joined and the case must be ready for trial. No further pleadings, motions, discovery or delays will be permitted. (Emphasis added.)