[Cite as *Robinson v. Robinson*, 2026-Ohio-2107.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOSEPH S. ROBINSON | : | |
| | : | C.A. No. 30698 |
| Appellant | : | |
| | : | Trial Court Case No. 2020 DR 00138 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| AMY M. ROBINSON | : | Domestic Relations) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 5, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

TYRONE P. BORGER, Attorney for Appellant
DEAN E. HINES, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Plaintiff-appellant Joseph S. Robinson ("Father") appeals from the decision of the Montgomery County Common Pleas Court, Domestic Relations Division, that dismissed his September 4, 2024 motion to modify parenting time and child support and converted his support arrearages to a judgment. For the reasons discussed below, the trial court's judgment is affirmed.

**I. Facts and Course of Proceedings**

{¶ 2} Father and defendant-appellee, Amy M. Robinson ("Mother"), were married on December 5, 2009, and two children were born of the marriage: a son in November 2012 and a daughter in February 2015. Father filed a complaint for divorce on February 20, 2020, and on September 28, 2022, the court issued a final judgment and decree of divorce. Father appealed and we affirmed on April 14, 2023, in *Robinson v. Robinson*, 2023-Ohio-1233 (2d Dist.).

{¶ 3} Of relevance to this appeal, we affirmed the trial court's order designating Mother as the residential parent of the children and granting Father "midweek parenting time" from Thursday after school until Friday morning plus every other weekend, with his weekend parenting time being from Thursday after school until Monday morning. *Id*. at ¶ 39. We also affirmed the trial court's orders for Father to pay Mother $ 3,500.00 per month in spousal support for a period of 51 months and to pay a total of $2,235.17 per month in child support. *Id*. at ¶ 60.

2

**{¶ 4}** The parties engaged in extensive post-decree litigation during and after our decision in *Robinson*. Father filed three separate motions to modify support. The first motion was filed in April 2023 but was withdrawn due to an agreement filed in August 2023. Pursuant to that agreement, Father admitted to being in contempt of court for failing to pay support and agreed to pay a lump sum to avoid a jail sentence. Father purged his contempt by paying $12,000 before his jail sentence commenced on December 1, 2024.

**{¶ 5}** Father's second motion to modify support was filed in October 2023, and it also resulted in an agreement. The agreement was filed in May 2024 and reduced Father's spousal support to $0 per month and increased Father's child support to $2,824.18 per month, with each new support order to commence on April 1, 2024.

**{¶ 6}** On September 4, 2024, Father filed his third motion to modify support and parenting time. In his motion, Father generally stated that he had changed circumstances, being "numerous health issues" that reduced his income. When he filed his motion, he did not complete and file an accompanying financial disclosure affidavit that was required by the Montgomery County Domestic Relations Division's local rules.

**{¶ 7}** After Father filed his third motion to modify, Mother sent Father discovery requests that went unanswered. On November 22, 2024, Mother filed a motion to dismiss Father's motion to modify or, alternatively, a motion to compel discovery. On November 25 and 27, 2024, the trial court filed entries granting Mother's motion to compel discovery. Later, Mother filed a motion requesting Father to file a financial disclosure affidavit. On February 25, 2025, the trial court issued an order instructing Father to file his financial disclosure affidavit no later than 10 days after the order. Father did not file the affidavit.

**{¶ 8}** Mother continued to request discovery from Father. However, Father failed to comply, and after each time, Mother filed for orders compelling Fathers' compliance, which

3

the trial court ordered on October 28, 2024, November 27, 2024, February 24, 2025, and April 19, 2025.

{¶ 9} On February 25, 2025, Mother filed a motion for an order reducing the spousal and child support arrearage amount to a judgment. At the time of her filing, Father had an outstanding arrearage of $62,016.79 from his support obligation, spanning from April 2023 to February 2025.

{¶ 10} On August 1, 2025, the trial court held a hearing on Father's September 4, 2024 motion to modify support and parenting time, among numerous other motions. At the commencement of the hearing, Mother withdrew all her motions except the motion to convert the support arrearages into a judgment. Mother also made an oral motion to dismiss Father's motion based on Father's noncompliance with discovery, the court's orders to compel ,and the failure to provide a financial disclosure affidavit. Father opposed the dismissal and orally requested a continuance. However, the magistrate denied Father's request for a continuance and dismissed Father's motion to modify parenting time and child support. In the magistrate's written decision, the magistrate articulated:

**PLAINTIFF'S MOTION TO MODIFY SUPPORT; PARENTING TIME FILED 9/4/24**

The case records show that the Plaintiff was served with discovery requests, and when he failed to provide discovery, an Order Compelling Plaintiff was filed. Still Plaintiff failed to reply to the discovery. Plaintiff believed his medical records were not discoverable. In actions concerning the allocation of parental rights and responsibilities, the parents' medical records are discoverable.

On February 25, 2025, an Order Requiring Plaintiff/Father to File Affidavit of Financial Disclosure was filed giving Plaintiff 10 days to file his Affidavit. Plaintiff never complied with this Court Order.

Due to Plaintiff's failure to provide discovery, Defendant requested his Motion to Modify Support and Parenting Time be dismissed. Defendant's motion is granted.

Magistrate Decision (Aug. 6, 2025), p. 4-5.

{¶ 11} The magistrate further granted Mother's motion to convert the support arrearages into a judgment, reasoning:

Defendant requests this Court reduce the Plaintiff's outstanding child and spousal support obligation to a judgment. Defendant presented a Payment History Report from the Support Enforcement Agency which shows that Plaintiff's unpaid balance is $74,399.77 as of July 20, 2025 [Exhibit S]. This unpaid balance includes the Administrative Fee owed to Ohio. Court Exhibit II, an Audit from the SEA has the breakdown of what is owed to Defendant ($71,627.09) and what is owed to Ohio ($2,772.67) as of July 20, 2025.

As of July 20, 2025, the spousal support arrearage was $40,359.10, the child support arrearage was $29,029.74, and the medical support arrearage was $1,338.25. The spousal support obligation was reduced to $0 per month commencing April 1, 2024.

Defendant's request for the unpaid child and spousal support to be reduced to a judgment is granted. Defendant will be given a Judgment against Plaintiff in the amount of $71,627.09. Said Judgment of $71,627.09 shall

5

accrue interest from the date of the filing of this Order at the maximum legal rate permitted by ORC Section 5703.47.

*Id*. at p. 5-6.

**{¶ 12}** Father filed objections to the magistrate's decision on August 18, 2025, which the trial court overruled in a decision filed on November 4, 2025. The court reasoned:

**<u>OBJECTIONS:</u>**

**<u>BRANCH I-Dismissal of 9/4/24 Motion to Modify Support and Parenting Time Due to Non-Filing of Financial Affidavit</u>**

The Plaintiff objects to the Magistrate Decision dismissing Plaintiff's Motion to Modify Support and Parenting time filed on September 4, 2024. Plaintiff asserts that the dismissal based on the Plaintiff's failure to file a financial affidavit "deprives him of his substantive right to a hearing on the merits." Mont. Co. Domestic Relations Court Local Rule 1.9 addresses the financial disclosure affidavit, specifically requiring the following:

"…Required Filing. The Court's approved Affidavit of Financial Disclosure [Appendix, Form 1] must be submitted to the Court as required by this rule. All Affidavits of Financial Disclosure must be complete and provide detailed disclosure under oath. Incomplete affidavits may not be considered by the Court. Each party is under an affirmative duty to supplement any Affidavit of Financial Disclosure immediately upon any material change in employment, income, expenses or other information included in the affidavit. 18 The Supreme Court of Ohio has authorized the use of their Affidavit of Income and Expenses. If a party elects to

6

use this form, and the party is requesting a temporary custody or support order, the party must also file a separate motion for a temporary order…

…4. Post-Decree Motions: **In all post-decree motions involving support, the moving party must file an Affidavit of Financial Disclosure and serve it on the nonmoving party with the motion.** *(emphasis added)* ...”

Here, Plaintiff argues that the Plaintiff's poverty affidavit, filed at the time of his Motion to proceed *in Pauperis*, should satisfy the requirement in Rule 1.9. Further, Counsel for Plaintiff asserts that his failure to file a financial affidavit is "excusable neglect" and that the financial documentation supplied in discovery should satisfy the financial affidavit requirement. This argument falls flat. First, the affidavit filed at the time of the *Pauperis* Motion is not the same as the financial affidavit required for post decree motions. Moreover, on February 25, 2025, the Plaintiff was ordered to file a financial affidavit within ten (10) days. No affidavit was filed thereafter. **<u>Therefore, the Objection is denied and dismissed.</u>**

(Emphasis in original.) Final Judgment, p. 4-5.

**{¶ 13}** Regarding the conversion of Father's arrearages into a judgment, the trial court reasoned:

**<u>BRANCH IV-Arrearage Judgment Entered While April 2023 and September 2024 Modification Motions Remained Pending Without Hearing</u>**

7

Plaintiff contends that the April 2023 Motion to Modify remained pending until this hearing. This is a clear oversight, as the August 7, 2023 Agreed Order, which was signed by both Parties contained the following language: "…5. All Motions listed above, not addressed herein, are withdrawn…" Plaintiff's Motion to Modify Spousal Support and Child Support filed on April 6, 2023 was one of listed motions address by the August 7, 2023 Agreed Order. Plaintiff voluntarily, and by agreement, withdrew the pending April 2023 Motion to Modify at that time.

With respect to Plaintiff's claim that the September 2024 Motion remained pending, the court thoroughly addressed this Motion in Plaintiff's Branch I Objection above. For these reasons, this **<u>Objection is hereby denied and dismissed.</u>**

(Emphasis in original.) *Id*. at 7.

**{¶ 14}** This appeal followed on December 2, 2025. Father asserts the following three assignments of error:

ASSIGNMENT OF ERROR 1:

The trial court abused its discretion by dismissing Plaintiff's September 4, 2024 Motion to Modify Support and Parenting Time as a discovery sanction without adjudicating the merits and without articulated proportionality findings.

ASSIGNMENT OF ERROR 2:

The trial court erred in reducing alleged arrearages to judgment while Plaintiff's September 4, 2024 motion to Modify Support and Parenting Time remained unresolved on the merits.

8

ASSIGNMENT OF ERROR 3:

The trial court failed to articulate findings sufficient to permit meaningful appellate review of its dismissal of Plaintiff's September 4, 2024 Motion to Modify Support and Parenting Time.

Because Father's first and third assignments of error are related, for ease of discussion, we address them together.

## II. The Dismissal of Father's Motion to Modify Parenting Time and Support

{¶ 15} A domestic relations court retains continuing jurisdiction over parenting time, custody, and child support issues after the issuance of the final decree. Civ.R. 75(J). Civ.R. 75(J) specifically provides that "[w]hen the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply." Civ.R. 75(J).

{¶ 16} Civ.R. 37(B)(1) outlines the sanctions a court may consider when a party fails to obey an order to provide or permit discovery, including an order made under Civ.R. 35 or 37(A). Such sanctions include, in relevant part:

(b) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(c) Striking pleadings in whole or in part;

(d) Staying further proceedings until the order is obeyed dismissing;

(e) Dismissing the action or proceeding in whole or in part;

(f) Rendering a default judgment against the disobedient party; or

(g) Treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

9

Civ.R. 37(B)(1).

{¶ 17} "A trial court has broad discretion when imposing discovery sanctions." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. "A reviewing court shall review these rulings only for an abuse of discretion." *Id*. "'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *Id*. at 256, quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984). "In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Id*. In other words, we may reverse a trial court's discovery sanction only if the record shows that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} While we apply an abuse of discretion standard, we have also stated: "When considering what sanction to impose for a party's failure to comply with discovery, "'the trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate."'" *Stratacache, Inc. v. Wenzel*, 2019-Ohio-3523, ¶ 35 (2d Dist.), quoting *Dayton Modulars, Inc. v. Dayton View Community Dev. Corp.*, 2005-Ohio-6257, ¶ 10 (2d Dist.), quoting *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (9th Dist. 1987). "In reversing a trial court's dismissal of an action with prejudice as a sanction for a party's failure to comply with discovery, we have considered whether '[a] more proportionate sanction, in line with the appellees' prejudice,'

10

would have been appropriate." *Id.*, quoting *Levorchick v. DeHart*, 119 Ohio App.3d 339, 345 (2d Dist. 1997).

{¶ 19} Additionally, we have said: "Dismissal is a harsh sanction, and 'should be reserved for cases when a party's conduct falls substantially below what is reasonable under the circumstances, evidences a complete disregard for the judicial system or the rights of the opposing party, or when the failure to comply with discovery orders is due to willfulness or bad faith.'" (Citations omitted.) *Farmer v. PNC Bank, N.A.*, 2017-Ohio-4203, ¶ 29 (2d Dist.), quoting *Foley v. Nussbaum*, 2011-Ohio-6701, ¶ 20 (2d Dist.).

{¶ 20} Father claims the trial court abused its discretion by dismissing his September 4, 2024 motion to modify support and parenting time as a discovery sanction and suggests a continuance should have been granted instead. However, upon a review of the record before us, we cannot conclude that a continuance was more appropriate. There was ample time for Father to comply with the court's orders to compel, and he failed to do so before the hearing. Father was subject to five orders compelling him to comply with Mother's discovery requests, and by the August 1, 2025 hearing (approximately one year after he filed his motion), Father had not complied. At the hearing, Mother's counsel articulated that Father had not provided any documents related to his alleged medical conditions or documents regarding Father's financial circumstances, and that Father had failed to file a financial disclosure affidavit as ordered by the court. Without the discovery having been produced, Mother could not adequately cross-examine Father at the hearing regarding his alleged change in circumstances or claims that his financial circumstances had changed as a result of medical issues.

{¶ 21} On February 25, 2025, the court ordered Father to file a financial disclosure affidavit and by the August 1, 2025 hearing (five months later), Father had not complied.

11

Father admits in his appellant's brief that he did not comply. The financial disclosure affidavit was required by the court's local rules. Mont. D.R. Rule 1.9(4) (effective June 1, 2025) ("In all post-decree motions involving support, the moving party must file an Affidavit of Financial Disclosure and serve it on the nonmoving party with the motion."); *see* former Mont. D.R. Rule 4.41(B)(1) (effective Jan. 1, 2020) ("Any motion requesting a modification of an existing child or spousal support order shall set forth the reason for the modification with specificity. . . . All motions requesting modification shall be accompanied by an updated Affidavit of Financial Disclosure."). The use of the word "shall" in a court's local rules means the affidavit is a requirement and is not optional. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus.

**{¶ 22}** While Father admits in his brief that the affidavit was not filed, he also claims that he sufficiently complied with the court's local rules by filing an affidavit of indigency. We do not agree. Father's affidavit of indigency was filed pro se when he was represented by counsel. It stated that he wanted to proceed in forma pauperis and further requested a waiver of filing fees and court costs. The affidavit of indigency to waive filing fees and costs under R.C. 2323.311 is not sufficient to comply with the requirement to file a financial disclosure affidavit as mandated by Mont. D.R. Rule 1.9(4). Additionally, Father's affidavit stated only generally that his financial obligations exceeded his income; however, "'[s]tatements contained in affidavits . . . cannot be legal conclusions.'" *Eikenberry v. Municipality of New Lebanon*, 2021-Ohio-453, ¶ 18 (2d Dist.), quoting *Brannon v. Rinzler*, 77 Ohio App.3d 749, 756 (2d Dist. 1991).

**{¶ 23}** Not only was Father's noncompliance with discovery and the financial disclosure affidavit unfair to the opposing side, but by taking away Mother's ability to cross-examine Father at the hearing, the trial court itself was also hindered in its ability to perform

its function to determine Father's income and any changes in circumstances. Trial courts are statutorily required to utilize a basic child support schedule and worksheet. R.C. 3119.02. R.C. 3119.02 provides:

> In any action in which a court child support order is . . . modified [or] in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, . . . the court or agency shall calculate the amount of the parents' child support and cash medical support in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119. of the Revised Code. The court or agency shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. In performing its duties under this section, the court or agency is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding.

See R.C. 3119.021 and 3119.022; see also R.C. 3119.79(A) ("If an obligor . . . under a child support order requests that the court modify the amount of child support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a

modification of the child support amount."). To determine a change of circumstance, a trial court must have the basic information contained in the financial disclosure affidavit and facts elicited during a hearing held before it to determine income. Without such essential information, a trial court cannot be expected to perform its function on a motion to modify support alleging a change in circumstance.

{¶ 24} As stated by the Fourth District Court of Appeals, "a court that is calculating the amount of child support must ensure that the 'parents' current and past income and personal earnings [are] verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.'" (Bracketed text in original.) *Martindale v. Martindale*, 2019-Ohio-3028, ¶ 72 (4th Dist.), quoting R.C. 3119.05(A). "Testimonial evidence concerning a parent's income is generally insufficient to satisfy R.C. 3119.05(A)." *Id.* (citing cases).

{¶ 25} Additionally, the court in *Martindale* observed:

Ohio courts have held that a trial court abuses its discretion by calculating income for child support purposes without requiring some form of documentary evidence listed in R.C. 3119.05(A). *In re M.C.M.*, 2018-Ohio-1307, 110 N.E.3d 694 (8th Dist.), ¶ 32 (concluding that trial court abused its discretion by failing to rely upon sufficient documentary evidence when calculating parent's income); *In re K.R.B.*, 2017-Ohio-7071, 95 N.E.3d 799 (8th Dist.), ¶ 26 (finding an abuse of discretion when record failed to contain documentary evidence to support income-calculation); *Montgomery v. Montgomery*, 3rd Dist. Union No. 14-14-22, 2015-Ohio-2976, 2015 WL 4510904, ¶ 50 (determining that trial court abused its discretion when fixing income based solely upon parent's

14

testimony); *Rymers v. Rymers*, 11th Dist. Lake No. 2011-L-064, 2012-Ohio-1675, 2012 WL 1288726, ¶ 29 (concluding that trial court abused its discretion when court failed to verify the parents' incomes with proper documentation); *Basham v. Basham*, 3d Dist. Allen No. 1-02-37, 2002-Ohio-4694, 2002 WL 31007154, at ¶ 8 (finding that trial court abused its discretion when record did not contain sufficient documentation to verify parent's income). As the *Montgomery* court explained: "'Allowing a party in a divorce proceeding to reduce his gross income level, and therefore his child support obligation, by testimony alone, without proper verification as required under R.C. 3119.05(A), is an abuse of the trial court's discretion.'" *Montgomery v. Montgomery*, 3rd Dist. Union No. 14-14-22, 2015-Ohio-2976, 2015 WL 4510904, ¶ 51, quoting *Ornelas v. Ornelas*, 12th Dist. Warren No CA2011–08–094, 2012–Ohio–4106, ¶ 25.

*Id*. at ¶ 73.

{¶ 26} We agree with *Martindale*. Under *Martindale*, if the trial court had allowed Father to testify without adequate documentation to verify his financial circumstances at the August 1, 2025 hearing, the trial court would have abused its discretion. We therefore do not conclude that the trial court abused its discretion when it dismissed Father's motion to modify as a discovery sanction.

{¶ 27} Father also claims that he did not receive adequate notice of the dismissal by the August 1, 2025 hearing. But the record before us demonstrates otherwise. After Mother's first request for discovery went unanswered by Father, Mother filed a motion on November 22, 2024 that specifically requested a dismissal of Father's motion to modify support and parenting time. Instead of granting the dismissal at that time, the trial court granted Mother's

alternative motion and ordered Father to produce discovery. "[A party] has notice of an impending dismissal with prejudice for failure to comply with a discovery order when [that party's] counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46 (1997), syllabus. In *Quonset Hut*, the Supreme Court noted that counsel for the non-compliant plaintiff "was aware that [the defendant] had filed a motion requesting the court to dismiss [the plaintiff's] claim with prejudice." *Id*. at 48. On that basis, the Supreme Court deemed it "apparent" that the plaintiff's attorney "was on notice of the possibility of dismissal with prejudice." *Id*.; *see also Sazima v. Chalko*, 86 Ohio St.3d 151, 155 (1999) (in *Quonset Hut*, "the fact that the defendant had filed a motion requesting the court to dismiss plaintiff's claim with prejudice constituted sufficient implied notice for purposes of Civ.R. 41(B)(1)," and "represents a rejection of the proposition that Civ.R. 41(B)(1) requires the trial court to expressly and unambiguously give actual notice of its intention to dismiss with prejudice"). Here, Father's counsel knew of Mother's initial motion to dismiss, and he had subsequent orders compelling him to provide discovery and file a financial disclosure affidavit. Father chose not to comply. In addition, Civ.R. 37 expressly states that a dismissal is a possible sanction for the failure to comply with a discovery order. The trial court afforded Father an opportunity to argue against the dismissal at the August 1, 2025 hearing. Previously, the trial court had provided Father multiple opportunities to comply with its orders to compel discovery and to file a financial disclosure affidavit. Father simply refused to comply.

{¶ 28} We further do not conclude that the dismissal of a motion to modify child support is as drastic of a discovery sanction as the dismissal with prejudice of a claim for relief in other civil cases. Given the continuing jurisdiction of the trial court, Father may refile his motion to modify support with the trial court anytime pursuant to Civ.R. 75(J). The

16

dismissal of Father's motion does not foreclose his ability to refile if he has a change of circumstances.

{¶ 29} After a review of the entire record and applicable law, we conclude that the trial court had sufficient justification to dismiss Father's September 4, 2024 motion to modify support and parenting time as a discovery sanction at the August 1, 2025 hearing due to Father's repeated failures for almost one year to obey multiple court orders compelling him to provide relevant discovery to Mother and his apparent defiance against the court's local rules requiring an affidavit of financial disclosure. We conclude that Father's conduct fell "substantially below what is reasonable under the circumstances [and] evidences a complete disregard for the judicial system [and] the rights of the opposing party." *Farmer v. PNC Bank, N.A.*, 2017-Ohio-4203, ¶ 29 (2d Dist.). Therefore, the trial court did not abuse its discretion and Father's first and third assignments of error are overruled.

### III. The Conversion of the Support Arrearages into a Judgment

{¶ 30} Father also claims that the trial court erred when it ordered Father's support arrearages to be converted to a judgment. In his argument, he does not allege miscalculation. Instead, he contends that it was error to convert the arrearages to a judgment when his motion to modify the support order was pending. However, given our determination that the trial court did not abuse its discretion or err in dismissing Father's motion to modify as a discovery sanction, we find Father's second assignment to be without merit.

{¶ 31} Father's motion to modify was not pending because it was dismissed, and the trial court had authority to enter a judgment in favor of Mother for Father's unpaid child support arrearages. R.C. 3123.171 provides that

> [w]hen a court renders a money judgment for child support, pursuant to a
>
> motion for a lump sum judgment filed by an obligee, interest shall accrue on

17

that arrearage unless the court finds that it would be inequitable to assess interest. The interest shall accrue from the date the judgment is rendered to a date certain set for payment of the judgment at a rate specified in section 1343.03 of the Revised Code at the time the judgment is rendered. A court may assess interest on a child support arrearage prior to judgment pursuant to section 3123.17 of the Revised Code. The court shall enter the amount due, including interest, in the journal.

The trial court properly converted the support arrearages of $71,627.09 into a judgment. Father's second assignment of error is overruled.

## IV. Conclusion

{¶ 32} Having overruled Father's three assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.

18